MASONIC SAVINGS BANK *v.* RONALD'S EX'R.

[Abstract Kentucky Law Reporter, Vol. 1—273.]

**Executor Cannot Attack Validity of Mortgage Procured to Secure Him as Individual.**

> Where a partnership is a creditor of another firm, and a member of such creditor firm is also executor of an estate which is also a creditor of said other firm, and said member induces said debtor firm to execute a mortgage to secure the debt due his firm, he cannot afterward, as executor, be allowed to attack the validity of such mortgage.

APPEAL FROM WARREN CIRCUIT COURT.

September 29, 1880.

OPINION OF JUDGE COFER:

At the time W. A. Ronald procured E. M. Adair & Co. to execute the mortgage to Webb, Ronald & Co., of which firm he was a member, he was also the executor of S. F. J. Ronald, and as such held debts against two of the members of the firm of E. M. Adair & Co. The only question necessary to be considered on this appeal is whether he, as executor, could attack the validity of the mortgage which he, as a member of the firm of Webb, Ronald & Co., has procured to be executed. The note and mortgage were assigned by Webb, Ronald & Co. to the appellant, and if Ronald can attack

the mortgage successfully he will thus defeat a security to which he has given currency in one capacity for the benefit of himself in another capacity, and that, too, in a court of equity. No such result can, in our opinion, be worked out on the idea that W. A. Ronald, executor, is a different person from W. A. Ronald as an individual, or as a member of the firm of Webb, Ronald & Co.

A court of equity might seize upon such a distinction to prevent an obvious injustice, but never in order to work out an injustice. It seems impossible to say that the mind of W. A. Ronald, as an individual, not only assented to, but sought the mortgage, but that the mind of W. A. Ronald, executor, did not; and he is as much bound as he would have been if the mortgage had been made to a stranger with his acceptance and express assent, in which case we presume it would hardly be claimed that he could afterward be heard to attach the mortgage in the hands of an innocent third party, and whatever binds him binds his successor in office.

We are, therefore, of the opinion that the court erred in adjudging the mortgage to be within the statute, and the judgment is *reversed* and the cause remanded with directions to dismiss the petition.

Judge Hines not sitting.

*Bush & Porter, for appellant.*

*Wright & McElroy, for appellee.*